IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 1, 2017

## ANA TANIA GOMEZ, ET AL. v. SABLE-IMAGINATION ON SAND, ET AL.

### Direct Appeal from the Chancery Court for Sevier County
### No. 14-11-381    Telford E. Forgety, Jr., Chancellor

### No. E2017-00107-COA-R3-CV

This is an appeal from a bench trial. Due to the deficiencies in the appellants' brief on appeal, we find that they waived consideration of any issues on appeal and hereby dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

BRANDON O. GIBSON, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and THOMAS R. FRIERSON, II, J.J., joined.

Douglas E. Taylor, Seymour, Tennessee, for the appellants, Ana Tania Gomez and Joaquin Gomez.

Edward L. Summers, Knoxville, Tennessee, for the appellees , Sable-Imagination on Sand, IM Entertainment Group, LLC, Overon Group Corporation, Oleg Volkov, Kassaev Entertainment, Inc., Rozenberg Corporation, Igor Kassaev, Mikhail Rozenberg, Sable Theater, and Enrique Castellanos Villasenor.

### MEMORANDUM OPINION[1]

### I. FACTS & PROCEDURAL HISTORY

---

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Ana Tania Gomez and Joaquin Gomez, citizens and residents of Mexico, are the appellants in this matter. Appellants filed a complaint against ten individuals and business entities in the chancery court of Sevier County, asserting numerous claims arising out of their involvement with a business that operated a dinner show in Pigeon Forge, Tennessee. The complaint stated that it was an action for declaratory judgment, to quiet title, for breach of contract, for violations of the Tennessee Business Corporation Act, Tenn. Code Ann. § 48-11-101, et seq., for violations of the Tennessee Nonprofit Corporation Act, Tenn. Code Ann. § 48-51-101, et seq., to pierce the corporate veil, and for fraud and misrepresentation, civil conspiracy, and unjust enrichment.

After a two day bench trial, the trial court entered an order ruling in favor of the defendants on all claims and dismissing the complaint filed by Appellants. Appellants timely filed a notice of appeal.

## II. ISSUES PRESENTED

Appellants list the following issues in their brief on appeal:

1. Whether the trial court erred in finding the subject business enterprise was not a partnership;
2. Whether the trial court erred in finding there was no breach of fiduciary duties on the part of the defendants; and
3. Whether the trial court erred in failing to find that partner oppression occurred as against Appellants.

For the following reasons, we find that these issues were waived and hereby dismiss the appeal.

## III. DISCUSSION

The brief filed on behalf of Appellants does not contain an argument section separately addressing each of these three issues. After reciting the facts, it simply recites the abuse of discretion standard and summarily declares, "Defendants clearly violated T.C.A. Section 61-1-404 et seq., General Standards of partner's conduct." The brief contains no other citation to legal authority, and it does not specify which portions of Tennessee Code Annotated section 61-1-404 (or the following sections)[2] should apply to

---

[2]The abbreviation "et seq" means "[a]nd those (pages or sections) that follow." *Black's Law Dictionary* (10th ed. 2014). The only referenced statute, Tennessee Code Annotated section 61-1-404, provides:

> (a) The only fiduciary duties a partner owes to the partnership and the other partners are the duty of loyalty and the duty of care set forth in subsections (b) and (c).

the conduct of the ten defendants.

Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure provides that an appellant's brief must contain an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." According to the Tennessee Supreme Court, "[a]n issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012).

"This court has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal." *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011). "The failure to cite authority to support an argument on appeal constitutes a waiver of the issue." *McGarity v. Jerrolds*, 429 S.W.3d 562, 566 n.1 (Tenn. Ct. App. 2013). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or

(b) A partner's duty of loyalty to the partnership and the other partners is limited to the following:

(1) To account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership property, including the appropriation of a partnership opportunity;

(2) To refrain from dealing with the partnership in the conduct or winding up of the partnership business as or on behalf of a party having an interest adverse to the partnership; and

(3) To refrain from competing with the partnership in the conduct of the partnership business before the dissolution of the partnership.

(c) A partner's duty of care to the partnership and the other partners in the conduct and winding up of the partnership business is limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law.

(d) A partner shall discharge the duties to the partnership and the other partners under this act or under the partnership agreement and exercise any rights consistently with the obligation of good faith and fair dealing.

(e) A partner does not violate a duty or obligation under this act or under the partnership agreement merely because the partner's conduct furthers the partner's own interest.

(f) A partner may lend money to and transact other business with the partnership, and as to each loan or transaction the rights and obligations of the partner are the same as those of a person who is not a partner, subject to other applicable law.

(g) This section applies to a person winding up the partnership business as the personal or legal representative of the last surviving partner as if the person were a partner.

merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010).

Because Appellants failed to construct more than a skeletal argument in support of their issues on appeal, we deemed them waived.

## V. CONCLUSION

For the aforementioned reasons, this appeal is hereby dismissed. Costs of this appeal are taxed to the appellants, Ana Tania Gomez and Joaquin Gomez, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE